In the Matter of CLARENCE F. HUSSEY, an Attorney, Respondent.

First Department, July 15, 1932.

*Einar Chrystie,* for the petitioner.

*Alfred J. Talley* of counsel [*Talley & Lamb,* attorneys], for the respondent.

FINCH, P. J.   The respondent was admitted to practice as an attorney and counselor at law in the State of New York on November 16, 1925, at a term of the Appellate Division of the Supreme Court, First Department.

By the petition herein he is charged with professional misconduct as follows: In March, 1928, there was pending in the Supreme Court, New York county, an action entitled Clifford LaP. Tostevin, doing business under the firm name and style of the Ætna Concrete Company, plaintiff, v. Ætna Fireproofing Co., Inc., defendant.   An attorney named O'Callaghan was the attorney of record for the plaintiff.   On March 14, 1928, the defendant moved to dismiss the complaint for lack of prosecution on the ground that the case had never been placed upon the calendar.   O'Callaghan requested the respondent to take care of the motion for him.   This the respondent did successfully.   Thereafter O'Callaghan requested the respondent to watch the calendar and keep track of the case for him during a visit of O'Callaghan in Philadelphia.   The respondent agreed to do so, but when the case came upon the calendar on October 10, 1928, no one appeared on behalf of the plaintiff and the complaint was dismissed.   Thereafter, on October twenty-second, judgment was entered against the plaintiff for costs in the sum of $88.55.   On October 25, 1928, the sheriff appeared at Mr. Tostevin's place of business and demanded payment of the judgment, together with his fees, in the total sum of ninety-nine dollars and three cents. Tostevin immediately telephoned respondent, who he had previously been advised by O'Callaghan would have charge of the case in his absence, and was advised by respondent to pay the costs, and that respondent would take up with O'Callaghan the matter of opening the default.   Tostevin paid the sheriff.   Thereafter the respondent advised Tostevin that a motion had been made to open the default, and that it had been granted.   Subsequently, upon further inquiry by Tostevin as to the status of the case, the respondent told him that the defendant had appealed from the order opening the default, that the respondent had personally argued the

appeal in the Appellate Division and that the appeal had been lost. Subsequently Tostevin made an investigation of the records both of the County Clerk's office and the Appellate Division, and found that no court action had been taken after the entry of judgment for costs on October 22, 1928.

Specifically, the respondent is charged with having grossly neglected Tostevin's case and having misrepresented to both Tostevin and O'Callaghan the facts with relation to the litigation subsequent to the entry of judgment for costs on October 22, 1928, and with having falsely stated to Tostevin that he had personally argued the appeal in the Appellate Division.

The respondent answered, and the matter was referred to an official referee to take testimony with respect to the charges and report the same to the court with his opinion thereon.

The learned referee has duly reported that after a careful consideration of the evidence he is of the opinion that the petitioner has failed to establish by the necessary fair preponderance of evidence that the respondent has been guilty of any professional misconduct. He has carefully analyzed the testimony upon which he bases this conclusion. He states: " The respondent neither gave contradictory nor attempted evasive explanations. He has fully and satisfactorily accounted for the manner in which the default was taken and explained the reasons that caused him to make the statements as to the litigation subsequent to the entry of judgment of dismissal. He did not intentionally misrepresent any facts. He relied upon the information given him by Hodgman and that he based his statements to the plaintiff and the plaintiff's attorney upon the statements made by Hodgman. Mr. O'Callaghan also testified as follows: ' Q. Can you suggest any reason, Mr. O'Callaghan, why Mr. Hussey should have deliberately deceived you about the progress of this case? A. Certainly not, I never had any idea that Mr. Hussey had deceived me until the matter was brought before the Bar Association. There was not any reason for Mr. Hussey deceiving me. Q. You don't suggest that he deliberately deceived you, do you? A. No, I don't suggest that he deliberately deceived me. Mr. Hussey's answer is that this clerk or this man that he employed deceived him. That is quite possible. I don't know. I am not saying that Mr. Hussey had deliberately deceived me or Mr. Tostevin. Q. And the information that he conveyed to you or Mr. Tostevin was the information upon which he relied, and which subsequently turned out to be bad? A. Yes. Q. Is that to the best of your knowledge your understanding of this case? A. That is my impression all the way through.' "

Continuing, the referee states: " The respondent has made every

reasonable effort to produce Hodgman as a witness. He has denied that he stated to the plaintiff that he personally argued the appeal. There is no corroboration of Mr. Tostevin's testimony that the respondent made such a statement. Mr. O'Callaghan, the plaintiff's attorney, testified that he never found the respondent untrustworthy or dishonorable. There was no improper or sinister motive on the part of the respondent or the suggestion of any that induced, or from which it might be inferred, caused the respondent grossly to neglect the service he promised to perform or wilfully to cause the action to be dismissed or knowingly to make the misrepresentation imputed to him in the charges of the petitioner. He has never before been charged with any professional misconduct. His good character and reputation for veracity have been attested in a very trustworthy manner."

An examination of the record sustains the conclusion of the learned referee. The unfortunate situation out of which the charges against the respondent arose was not due to any willful misconduct upon the part of the respondent, but because he undertook to watch the calendar for the Tostevin case at a time when he was not engaged in the active practice of law, and was so financially and otherwise embarrassed and lacking in the ordinary facilities, as to be unable properly to render this service. He was walking from approximately One Hundred and Thirteenth street to an office on Forty-second street in order to save car fare. The respondent did not undertake to act as the attorney for Tostevin, but only to help him in a small way, and he explained to the attorney, O'Callaghan, his disabilities when undertaking the service at the request of the latter. There appears to have been a misunderstanding upon the part of Tostevin as to what the respondent told him over the telephone with reference to the appeal. It is most unlikely that any attorney, knowing that the matter was the subject of inquiry, would have deliberately falsely represented that he had personally argued an appeal that never had been taken — a matter of record.

Upon this record there has not been made out a case calling for disciplinary punishment. Just what responsibility this respondent assumed for the conduct of the Tostevin case is not clear. He was not the attorney of record. In some instances this record shows that a very large measure of responsibility for the conduct of his cases was retained by the attorney of record, who attempted, in some instances at least, to direct the cases even in minor details from Philadelphia. Furthermore, this attorney of record concededly never paid this respondent any compensation whatsoever for any work which he did or was supposed to do. It is alleged that he was to get his compensation from such other work as he might

obtain on his own account from clients of the attorney of record with whom this respondent came in contact, and that in one instance he did receive a claim from one of these clients upon a contingent basis but that nothing was ever realized.

The report of the referee should be confirmed and the proceeding dismissed.

McAvoy, Martin, O'Malley and Townley, JJ., concur.

Proceeding dismissed.